

MICHAEL A. CARDOZO
*Corporation Counsel*

## THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

ROBYN N. PULLIO
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

May 14, 2008

BY FAX
Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Fax: (212) 805-6382

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-14-08
```

Re: <u>Ariel Perez-Almodovar v. The City of New York, et al.</u>, 08 CV 3853 (VM)

Dear Judge Marrero:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, James I. Meyerson, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from May 14, 2008, to July 14, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff Ariel Perez-Almodovar was subjected to false arrest and imprisonment; excessive force; assault and battery; and malicious prosecution. In addition to the City of New York, the complaint also purports to name Police Officer "Joe" South as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

    Moreover, the enlargement will allow us to ascertain whether the individually named defendant has been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The individually named defendant must then decide whether he wishes to be represented by this office. If so, we must obtain his written authorization.

---

[1] Although this office does not currently represent Police Officer "Joe" South, and assuming that this individual is properly served, this office also respectfully requests this extension on Officer South's behalf in order to prevent the individual defendant's defenses from being jeopardized while representational issues are being resolved.

1

Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request to extend the City's time to answer the complaint until July 14, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FAX
James I. Meyerson, Esq.
Law Offices of James I. Meyerson
64 Fulton Street, Suite 502
New York, N.Y. 10038
(212) 226-3310
Fax: (212) 513-1006

Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to 7-14-08.

SO ORDERED.

5-14-08
DATE        VICTOR MARRERO, U.S.D.J.

2