UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARIEL DAVID PEREZ-ALMODOVAR,

                                  Plaintiff,

                    -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE OFFICER, NEW YORK CITY
POLICE OFFICERS "JOHN DOES", all of the identified
and non identified persons in their individual and in their
official capacities, NEW YORK CITY POLICE OFFICER
"JOE" SOUTH, in his individual and official capacities,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT SOUTH**

Jury Trial Demanded

08 CV 3853 (VM)

         Defendant Police Officer John South by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

         1.       Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein and admits that the charges in the underlying criminal matter were dismissed on or about April 22, 2008.

         2.       Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

         3.       Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff seeks relief as stated therein.

         4.       Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

         5.       Denies the allegations set forth in paragraph "5" of the complaint, except admits plaintiff purports to invoke the Court's jurisdiction as stated therein.

6.    Denies the allegations set forth in paragraph "6" of the complaint, except admits plaintiff purports to invoke the Court's jurisdiction as stated therein.

7.    Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.    Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York, that it maintains a police department

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff purports to bring this action as stated therein and admits that the charges in the underlying criminal matter were dismissed on or about April 22, 2008.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff's date of birth is on or about February 27, 1986.

13.    Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff's date of birth is on or about February 27, 1986.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint, except admits that the charges in the underlying criminal matter were dismissed on or about April 22, 2008.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admits that a boxing match was held at Madison Square Garden on or about November 10, 2007.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint. .

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, but admits plaintiff was standing in front of Mars 2112.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint, except admits plaintiff eventually walked to the street area of Broadway.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint, except admits that an officer placed his hand on plaintiff's shoulder after plaintiff ignored repeated verbal commands issued by the police.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint regarding plaintiff's subjective observations.

44.     Denies the allegations set forth in paragraph "44" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint regarding plaintiff's subjective observations.

45.     Denies the allegations set forth in paragraph "45" of the complaint, except admits that officers were telling plaintiff to stop resisting.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint, except admits that plaintiff was handcuffed and arrested on or about November 11, 2007.

48.     Admits the allegations set forth in paragraph "48" of the complaint.

49.     Admits the allegations set forth in paragraph "49" of the complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint regarding plaintiff's subjective beliefs, except admits that John South was the plaintiff's arresting officer.

51.     Denies the allegations set forth in paragraph "51" of the complaint, except admits that Officer South spoke to both plaintiff and plaintiff's father at the precinct and that plaintiff did not see his father at the precinct.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint, except admits that Officer South spoke to the plaintiff's father and gave him some of plaintiff's property at the precinct.

53.     Denies the allegations set forth in paragraph "53" of the complaint, excepts admits that plaintiff stated that he went to Cornell and that his father was a doctor.

54.     Admits the allegations set forth in paragraph "54" of the complaint.

55.     Denies the allegations set forth in paragraph "55" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint regarding the Desk Officer's observations.

56.     Denies the allegations set forth in paragraph "56" of the complaint, except admits that Emergency Medical Services responded to the precinct where they administered medical treatment to plaintiff.

57.     Denies the allegations set forth in paragraph "57" of the complaint, except admits that plaintiff was transported from the precinct to St. Luke's-Roosevelt Hospital Center.

58.     Denies the allegations set forth in paragraph "58" of the complaint, except admits that plaintiff received medical treatment at St. Luke's-Roosevelt Hospital Center.

59.     Denies the allegations set forth in paragraph "59" of the complaint, except admits that plaintiff spoke with other officers at St. Luke's-Roosevelt Hospital Center regarding the incident.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint regarding plaintiff's subjective

beliefs, but admits that plaintiff did not personally request that other officers respond to St. Luke's-Roosevelt Hospital Center to speak with him regarding this incident.

        61.    Denies the allegations set forth in paragraph "61" of the complaint, except admits that Officer South told plaintiff he would speak to the Assistant District Attorney to tell him that plaintiff was a gentleman.

        62.    Admits the allegations set forth in paragraph "62" of the complaint.

        63.    Denies the allegations set forth in paragraph "63" of the complaint.

        64.    Denies the allegations set forth in paragraph "64" of the complaint, except admits that Officer South told plaintiff he would speak to the Assistant District Attorney

        65.    Denies the allegations set forth in paragraph "65" of the complaint.

        66.    Admits the allegations set forth in paragraph "66" of the complaint to the extent that Officer South used these words, in sum and substance.

        67.    Denies the allegations set forth in paragraph "67" of the complaint.

        68.    Denies the allegations set forth in paragraph "68" of the complaint, except admits that Officer South told plaintiff, in sum and substance, that he spoke with the Assistant District Attorney about the case and told him that plaintiff was a gentlemen and that plaintiff was trying to get back to school the next day.

        69.    Denies the allegations set forth in paragraph "69" of the complaint.

        70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

        71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

        72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint, except admits that the plaintiff went to see Dr. Calvin C. Matthews on or about November 12, 2007.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint, except admits that the plaintiff went to Cornell University Gannett Health Services on or about November 13, 2007.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint, except admits that the plaintiff went to Dr. Blanca Vasquez at N.Y.U. Medical Center on or about November 21, 2007.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint, except admits that the plaintiff received an MRI at Cayuga Medical Center in Ithaca, New York, on or about November 27, 2007.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Admits the allegations set forth in paragraph "81" of the complaint.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     Denies the allegations set forth in paragraph "83" of the complaint.

84.     Denies the allegations set forth in paragraph "84" of the complaint, except admits that Officer John South was the plaintiff's arresting officer and that he was assigned to the 18th Precinct on November 11, 2007.

85.     Denies the allegations set forth in paragraph "85" of the complaint.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     Denies the allegations set forth in paragraph "87" of the complaint.

88.     Denies the allegations set forth in paragraph "88" of the complaint.

89.     Denies the allegations set forth in paragraph "89" of the complaint.

90.     Denies the allegations set forth in paragraph "90" of the complaint.

91.     Denies the allegations set forth in paragraph "91" of the complaint.

92.     Denies the allegations set forth in paragraph "92" of the complaint.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     Denies the allegations set forth in paragraph "94" of the complaint.

95.     Denies the allegations set forth in paragraph "95" of the complaint.

96.     Denies the allegations set forth in paragraph "96" of the complaint.

97.     In response to the allegations set forth in paragraph "97" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

98.     Denies the allegations set forth in paragraph "98" of the complaint.

99.     Denies the allegations set forth in paragraph "99" of the complaint.

100.     In response to the allegations set forth in paragraph "100" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

101.     Denies the allegations set forth in paragraph "101" of the complaint.

102.    Denies the allegations set forth in paragraph "102" of the complaint.

103.    In response to the allegations set forth in paragraph "103" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

104.    Denies the allegations set forth in paragraph "104" of the complaint.

105.    Denies the allegations set forth in paragraph "105" of the complaint.

106.    In response to the allegations set forth in paragraph "106" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

107.    Denies the allegations set forth in paragraph "107" of the complaint.

108.    Denies the allegations set forth in paragraph "108" of the complaint.

109.    In response to the allegations set forth in paragraph "109" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

110.    Denies the allegations set forth in paragraph "110" of the complaint.

111.    Denies the allegations set forth in paragraph "111" of the complaint.

112.    In response to the allegations set forth in paragraph "112" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

113.    Denies the allegations set forth in paragraph "113" of the complaint.

114.    Denies the allegations set forth in paragraph "114" of the complaint.

115.    In response to the allegations set forth in paragraph "115" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

116.    Denies the allegations set forth in paragraph "116" of the complaint.

117.    Denies the allegations set forth in paragraph "117" of the complaint.

118.    In response to the allegations set forth in paragraph "118" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

119.    Denies the allegations set forth in paragraph "119" of the complaint.

120.    Denies the allegations set forth in paragraph "120" of the complaint.

121.    In response to the allegations set forth in paragraph "121" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

122.    Denies the allegations set forth in paragraph "122" of the complaint.

123.    Denies the allegations set forth in paragraph "123" of the complaint.

124.    In response to the allegations set forth in paragraph "124" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

125.    Denies the allegations set forth in paragraph "125" of the complaint.

126.    Denies the allegations set forth in paragraph "126" of the complaint.

127.    In response to the allegations set forth in paragraph "127" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

128.    Denies the allegations set forth in paragraph "128" of the complaint.

129.    Denies the allegations set forth in paragraph "129" of the complaint.

130.    In response to the allegations set forth in paragraph "130" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

131.    Denies the allegations set forth in paragraph "131" of the complaint.

132.    Denies the allegations set forth in paragraph "132" of the complaint.

133.    In response to the allegations set forth in paragraph "133" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

134.    Denies the allegations set forth in paragraph "134" of the complaint.

135.    Denies the allegations set forth in paragraph "135" of the complaint.

136.    In response to the allegations set forth in paragraph "136" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

137.    Denies the allegations set forth in paragraph "137" of the complaint.

138.    Denies the allegations set forth in paragraph "138" of the complaint.

139.    In response to the allegations set forth in paragraph "139" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

140.    Denies the allegations set forth in paragraph "140" of the complaint.

141.    Denies the allegations set forth in paragraph "141" of the complaint.

142.    In response to the allegations set forth in paragraph "142" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

143.    Denies the allegations set forth in paragraph "143" of the complaint.

144.    The allegations contained in paragraph "144" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

145.    Denies the allegations set forth in paragraph "145" of the complaint.

146.    Denies the allegations set forth in paragraph "146" of the complaint.

147.    Denies the allegations set forth in paragraph "147" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

148.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

149.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

150.    At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

151.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

152.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or of intervening third parties and was not the proximate result of any act of the defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

153.    Plaintiff's claims against the City of New York are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

154.    Punitive damages are not recoverable against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

155.    Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

156.    Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

157.    Plaintiff provoked any incident.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

158.    The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

159.    At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.


**WHEREFORE,** defendant Police Officer John South requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                September 4, 2008

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                              City of New York
                                            Attorney for Defendants
                                              City of New York and
                                              Police Officer John South
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 788-1090

                                  By:       _____
                                            Robyn N. Pullio (RP 7777)
                                            Assistant Corporation Counsel
                                            Special Federal Litigation Division

TO:     **VIA ECF**
        James Meyerson, Esq.
        Attorney for Plaintiff
        64 Fulton Street, Suite 502
        New York, New York 10013

Docket No. 08 CV 3853 (VM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DAVID PEREZ-ALMODOVAR,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICER, NEW
YORK CITY POLICE OFFICERS "JOHN DOES",
all of the identified and non identified persons in
their individual and in their official capacities,
NEW YORK CITY POLICE OFFICER "JOE"
SOUTH, in his individual and official capacities,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
DEFENDANT SOUTH**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-1090*
*NYCLIS No. 2008-016403*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ........................................... *,2008*

................................................................. *Esq.*

*Attorney for* ...........................................................